# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MARION BATSCHE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, MARION BATSCHE (hereinafter, "Plaintiff"), a New Hampshire resident, brings this class action complaint by and through the undersigned attorneys against Defendant MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "Defendant" or "MCM"), for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws .

. . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## NATURE OF THE ACTION

3. Plaintiff brings this action individually and on behalf of a class of New Hampshire residents seeking redress for Defendant's actions which violate the FDCPA.

4. Plaintiff is alleging that Defendant violated several sections in the FDCPA, including 15 U.S.C. §1692e.

5. Plaintiff is seeking statutory damages, attorney's fees and costs, and declaratory and injunctive relief for the violations of the FDCPA.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New Hampshire.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

10. Defendant is a collection agency with its principal office located at 2365 Northside Drive, Suite 300, San Diego, California 92108 and its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

11. Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to July 17, 2019, an obligation was allegedly incurred to ONEMAIN FINANCIAL, INC..

15. The alleged ONEMAIN FINANCIAL, INC. obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged ONEMAIN FINANCIAL, INC. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. ONEMAIN FINANCIAL, INC. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the ONEMAIN FINANCIAL, INC. debt is past due.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect

debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

20. Sometime prior to July 17, 2019, Defendant sent the Plaintiff a collection letter in an attempt to collect the alleged debt. See **Exhibit A.**

21. The letter was received and read by the Plaintiff.

22. The letter stated in part: "Current Balance $11,436.96".

23. The letter further stated in part:

> "Congratulations! You have been pre-approved for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you…"

24. The above statement was immediately followed by three payment options as follows:

| Option | Details | Amount |
|---|---|---|
| Option 1: 70% OFF | Payment Due Date: 08-16-2019 | You Pay Only $3,431.09 |
| Option 2: 50% OFF | First Payment Due Date: 08-16-2019 | 12 Monthly Payments of Only $476.54 |
| Option 3: Monthly Payments As Low As: | † Call today to discuss your options and get more details. | $50 per month† |

25. Upon reading the above statements, the Plaintiff was left to believe, as would any least sophisticated consumer, that had she accepted option 1, 2, or 3, that they would be receiving a discount on the current balance.

26. Upon information and belief, accepting option 3 would not in fact be an offer of a "discount".

27. As such, Defendant's statement was false, deceptive, and or misleading.

28. The FDCPA expressly prohibits debt collectors from making any false, deceptive, or misleading representations in connection with the collection of a debt. See 15 U.S.C. §1692e.

29. Defendant's conduct harmed the Plaintiff.

## CLASS ALLEGATIONS

35. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class: (a) all individuals with addresses in the state of New Hampshire (b) who were sent collection letters from Defendant attempting to collect an alleged consumer debt on behalf of ONEMAIN FINANCIAL, INC. (d) which offered the consumer three payment options, (e) and referred to such payment options as a "discount program" (f) which was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

30. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

31. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

32. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. § 1692e.

33. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

34. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

35. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

36. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692e *et seq.***

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

41. The Defendant violated said section by:

    a. Falsely representing the character, amount, and legal status of the alleged debt in violation of 1692e(2);

    b. Making false or deceptive representation in connection with the collection of a debt in violation of 1692e(10).

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

    (b) Awarding Plaintiff and the Class statutory damages;

    (c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 17, 2020

By: /s/ Timothy Chevalier
Timothy L. Chevalier, Esq.
Chevalier Legal Services, PLLC
75 S. Main St., Unit 7 PMB 262
Concord, NH 03301
(603) 748-2587
Tim@ChevalierLegal.com

/s/ Terrie Harman, Esq.
Terrie Harman, NHB #1096
Alfano Law Office PLLC
129 Water Street, PO Box 309
Exeter, NH 03833
(603) 431-0666
th@tharman.net

Ari Marcus, Esq.
Ari Marcus, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue - Suite 300
Asbury Park, NJ 07712
Office: (732) 695-3282
Fax: (732) 298-6256
Email: ari@MarcusZelman.com
PRO HAC VICE MOTION FORTHCOMING
*Attorneys for Plaintiff*
*Marion Batsche*